28947.   SPURLIN, for use, etc., *v.* WESTERN CASUALTY
AND SURETY COMPANY.

Decided July 2, 1941.   Rehearing denied July 24, 1941.

*James C. Howard Jr., John A. Dunaway, Young H. Fraser,* for plaintiff.

*T. J. Long,* for defendant.

Stephens, P. J.   H. M. Spurlin, individually and for the use of Great Southern Trucking Company and others, sued the Western Casualty and Surety Company of Fort Scott, Kansas, having an agent and place of business in Fulton County, Georgia, to recover under an automobile liability and property-damage policy issued to the Military Department of the State of Georgia, which the plaintiff alleged covered, among other motor vehicles, a military ambulance owned by the Military Department. The petition alleged, that the plaintiff was operating this ambulance on the occasion of a collision between it and a truck of Great Southern Trucking Company, which truck was operated by H. G. Richards,

and on which R. R. Barstead was riding; that on account of injuries and damages resulting from the collision, Richards, Barstead, and the trucking company instituted suits against Spurlin and others for damages, in each of which suits there was a judgment for the plaintiff therein against Spurlin; that the ambulance involved in the collision, which was driven by the plaintiff, was owned by the Military Department of the State of Georgia, and that the plaintiff was an "additional assured" under the "additional assureds" clause of the policy, and for that reason the plaintiff was entitled to the full protection offered by the policy; that the defendant failed and refused to defend these suits for the plaintiff, on the ground that the ambulance was owned by the Military Department and therefore not covered by the policy; that written demand had been made on the defendant to pay these judgments, which the defendant refused to do, thus necessitating the institution of the present suit. The petition prayed for recovery from the defendant of the amounts of the judgments against the plaintiff, attorney's fees, and a 25 per cent. penalty for bad faith of the defendant in not defending the suits against the plaintiff.

The petition attached as an exhibit a photostatic copy of the policy under the coverage of which the plaintiff bases his claim. The schedule of statements of this policy shows the coverage to be as follows. "Private passenger automobiles &/or motorcycles $100.00 P.L. $25.00 P.D. Commercial vehicles and trailers $110.00 P.L. $36.00 P.D. [Purchased by the insured.] See endorsement attached." The endorsement attached is entitled "Schedule of Statements," and lower down appears the following typewritten in heavy type: "Non-ownership liability endorsement." In this endorsement are found the following paragraphs: "In consideration of the premium herein provided, it is hereby agreed between the named assured and the company, that this policy covers the legal liability of the named assured for bodily injuries and property damage as provided in this policy, arising out of accidents resulting from the use of any automobile and/or motorcycle of the private passenger type and any motor vehicles or trailers of the commercial vehicle type, for business of the named assured, except any automobile or motorcycle, which, at the time of the accident, is owned in whole or in part by the named assured. . . The additional assureds clause of this policy is hereby eliminated as

respects the coverage provided by virtue of this endorsement, and it is agreed that anything in the policy to the contrary notwithstanding, *that the policy does not cover and shall not be construed to cover the liability of any person, firm or corporation other than the named assured."* (Italics ours.) The policy contained an additional assureds clause. The plaintiff contends that the policy covers two types of risks, one on owned vehicles and one on non-owned vehicles, and that as respects owned vehicles the additional assureds clause applies.

By the terms of the policy, without reference at present to the terms contained in the "endorsement," the policy covers "commercial vehicles" owned by the assureds, such as an ambulance which was driven by the plaintiff at the time of the accident referred to in the petition. As to such vehicles there is an additional assureds clause in the policy, which inures to the benefit of the plaintiff as an "additional assured." The "endorsement," which is referred to in the face of the policy as being "attached," and which becomes a part of the policy, by its caption refers to "non-ownership liability." This endorsement provides that the policy covers the legal liability of the "named assured" for bodily injuries and property damage as provided in the policy, arising out of accidents resulting from the use of vehicles of the "commercial vehicle type" for business of the named assured, and other types of vehicles, "except any automobile or motorcycle, which, at the time of the accident, is owned in whole or in part by the named assured." By the terms of this endorsement the coverage extends to vehicles described therein including vehicles of the "commercial vehicle" type, without reference to whether the vehicle is or is not owned by the assured. Since, under the terms of the policy without reference to the endorsement, such vehicle is covered as a vehicle owned by the assured, the endorsement which covers the vehicle without reference to its ownership extends the coverage to such vehicle as a non-owned vehicle of the assured. The endorsement itself is not effectual as causing the coverage to extend to the described vehicles therein as owned vehicles. The endorsement merely extends, in addition to the coverage already provided of such vehicles as owned vehicles, the coverage to such vehicles as non-owned vehicles. "The coverage provided by virtue of this endorsement" is a coverage only of the vehicles named in the en-

dorsement, such as a motor vehicle of the commercial vehicle type, as non-owned vehicles of the assured. The clause in the endorsement to the effect that "the additional assureds clause of this policy is hereby eliminated as respects the coverage provided by virtue of this indorsement, and it is agreed that anything in the policy to the contrary notwithstanding, that the policy does not cover and shall not be construed to cover the liability of any person, firm or corporation other than the named assured" has its setting in the "endorsement" which has reference to non-owned vehicles. Applying the rule of ejusdem generis in the construction of language with reference to a description of things, the latter part of this clause which states that "the policy does not cover and shall not be construed to cover the liability of any person, firm, or corporation other than the named assured" must be construed as being restricted to the coverage provided for in the first part of this clause, namely "the coverage provided by virtue of this endorsement." The coverage provided for in "this endorsement" is the coverage of non-owned vehicles. Therefore this provision contained in the endorsement has the effect of eliminating the additional assureds clause provided elsewhere in the policy as respects coverage of non-owned vehicles, the coverage of which is provided for in the endorsement. This clause in the endorsement has not the effect of nullifying the additional assureds clause existing elsewhere in the policy as to its application to an owned vehicle of the assured, such as vehicles of the commercial vehicle type. The petition set out a cause of action, and the court erred in sustaining the demurrer. *Judgment reversed. Sutton and Felton, JJ., concur.*